UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

PHILLIP SMITH,                         :

                Plaintiff,            :

        -against-                 :         **REPORT AND RECOMMENDATION**

NEW YORK CITY POLICE DEPT., ET AL.,  :         06 Civ. 15436 (JSR)(KNF)

               Defendants.          :
------------------------------------------------------------X

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE JED. S. RAKOFF, UNITED STATES DISTRICT JUDGE

      On December 26, 2006, plaintiff Philip Smith ("Smith") commenced this action pro se, pursuant to 42 U.S.C. § 1983; Smith filed an amended complaint with the Clerk of Court on February 15, 2007. Thereafter, Smith failed to serve a copy of the summons and amended complaint upon the following defendants timely, that is, within 120 days of the filing of the amended complaint: (i) Sgt. Anibal Amaya; and (ii) Det. Henry. In an order dated May 22, 2008 ("May 22nd Order"), the Court directed Smith to effect service of the summons and complaint upon defendants Sgt. Anibal Amaya and Det. Henry, and to file proof of that service, on or before June 28, 2008. The May 22nd Order advised the following:

> If the defendants are not served with the summons and complaint on or before that date, [June 28, 2008,] and if the plaintiff fails to show cause, in writing, why service has not been effected, a report and recommendation will be made to the assigned United States district judge that the complaint be dismissed as to those defendants identified above, for failure to prosecute, pursuant to Rules 4 and 41 of the Federal Rules of Civil Procedure.

The docket sheet maintained by the Clerk of Court for this action does not indicate that Smith has filed any proof of service with respect to defendants Sgt. Anibal Amaya and Det. Henry.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a district court to dismiss a plaintiff's action for failure to prosecute the action or for a failure to comply with an order of the court. See Sanders v. Does, No. 05 Civ. 7005, 2008 WL 2117261 at *2 (S.D.N.Y., May 15, 2008) (citing LaSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 [2d Cir. 2001]). Rule 4(m) of the Federal Rules of Civil Procedure provides, in pertinent part, that:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

After amending his complaint 18 months ago, Smith neither effected service of the summons and amended complaint on defendants Sgt. Anibal Amaya and Det. Henry within the period for effecting service provided by Rule 4(m), nor within the additional period provided by the May 22nd Order. Moreover, after receiving notice that a continued failure to prosecute the action against defendants Sgt. Anibal Amaya and Det. Henry would result in a report and recommendation to your Honor that the complaint be dismissed as to those defendants, he has not submitted anything to the Court in an attempt to show good cause for his failure to comply with the above-noted order.

## RECOMMENDATION

For the reasons set forth above, I recommend that the instant action be dismissed, pursuant to Fed. R. Civ. P. 4(m) and 41(b), with respect to defendants Sgt. Anibal Amaya and Det. Henry.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have (10) days from service of this Report to file written objections. See

also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Jed S. Rakoff, 500 Pearl Street, Room 1340, New York, New York 10007, and to the chambers of the undersigned, 40 Centre Street, Room 540, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Rakoff. FAILURE TO FILE OBJECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. See Thomas v. Arn, 474 U.S. 140, 470 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 58-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
      August 27, 2008

Respectfully submitted,

_Kevin Nathaniel Fox_
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Copies mailed to:

Philip Smith
Shawn D. Fabian, Esq.